**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JEFF ARTHURS, <br><br>                Plaintiff - Appellant, <br><br> v. <br><br> CAROLYN W. COLVIN, Commissioner <br> of Social Security Administration, <br><br>                Defendant - Appellee. | No. 14-35611 <br><br> D.C. No. 3:13-cv-00817-MA <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted March 7, 2016[**]

Before: THOMAS, Chief Judge, and D.W. NELSON and LEAVY, Circuit Judges.

Jeff Arthurs appeals the district court's decision affirming the Commissioner

of Social Security's denial of his application for disability insurance benefits under

Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The administrative law judge ("ALJ") did not err in according "only limited weight" to the contradicted opinion of Arthurs's treating physician. The ALJ provided a specific and legitimate reason, supported by substantial evidence, by explaining that the physician's conclusions—that Arthurs would need to miss two or more days of work per month and could not stand for long periods, bend, or reach—were inconsistent with Arthurs's testimony that soon after the physician issued her opinion, he worked for seven months in a job that required long days of standing and bending over, loading and unloading machines. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014)*; Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009)*.*

Any error in the ALJ's use of qualitative terms such as "slight" and "moderate" in the residual functional capacity finding was harmless because the the ALJ provided the vocational expert with a more specific explanation of Arthurs's limitations prior to the vocational expert's testimony about Arthurs's ability to perform his past relevant work. *See Molina*, 674 F.3d at 1115. Any error was also "'inconsequential to the ultimate nondisability determination.'" *Id.*

(quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

**AFFIRMED.**